## Alexandria

### RONALD D. LONG

v.

### COMMONWEALTH OF VIRGINIA

No. 0483-92-4

Decided May 11, 1993

COUNSEL

Stefanie Snow (Lisa Joy Harwood, Assistant Public Defender; Office of the Public Defender, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—The Circuit Court of Fairfax County found Ronald D. Long guilty of attempted rape and sentenced him to three and one-half years incarceration. On appeal, Long contends that the trial court erred when it refused to allow him to call the prosecutrix to testify in order to examine her for bias. We agree and reverse the judgment of the trial court.

Teresa Costen testified that on June 25, 1991, she inquired at Sunset Park Apartment's rental office for a one bedroom apartment. She spoke with the resident manager, Long, who stated that none was available. As she returned to her car, Long called her back and offered to show her a unit to give her an idea of an apartment's layout. Once in the apartment, Long locked the door and stated, "I want you to do what I'm going to tell you to do. Don't make noise, and you are going to do what I tell you to do. After everything is over I will let you go." Long then threw Ms. Costen to the floor and began to pull up her skirt. He grabbed her neck to prevent her from screaming. Resisting Long, Ms. Costen screamed out the window, scratched his face, and toppled an entertainment center. Long then told her to leave. As she walked across the parking lot, she met Harvey Brooks, a resident of the complex, who came to her aid and called the police. Investigator Awtrey interviewed Long, who admitted that he had lured Ms. Costen into his apartment in order to have sex with her but said that he thought she would consent.

At trial, Ms. Costen testified for the Commonwealth and Long's counsel cross-examined her. After the Commonwealth rested, Long's counsel proffered his anticipated evidence. He stated that he intended to call Ms. Costen to establish her bias by presenting a demand letter, written on her behalf to the apartment complex's management firm, asking for a quick settlement of her claim against the complex. The prosecution objected, arguing that it was improper to call a witness for the sole purpose of impeachment and that counsel should have addressed the bias question on cross-examination. The trial court sustained the objection on the ground that the prejudicial effect of the proffered evidence outweighed its probative value, although the court acknowledged that the evidence was admissible under *Lane v. Commonwealth*, 190 Va. 58, 55 S.E.2d 450 (1949). Long's counsel responded that his failure to cover the question on cross-examination resulted from oversight. He stated that he "had a lot of other things on [his] mind and [he] just forgot about it." The trial court agreed that

the evidence would have been admissible on cross-examination, but adhered to its ruling.

Under these circumstances, we hold that the trial court abused its discretion in refusing to permit Long the opportunity to impeach the prosecutrix with evidence of her bias. *Blain v. Commonwealth*, 7 Va. App 10, 16, 371 S.E.2d 838, 842 (1988). The exploration of the prosecutrix's bias should properly have been accomplished on cross-examination. However, Long proffered an acceptable explanation for his omission. Because the alleged bias of the prosecutrix was central to the proper resolution of the case, fundamental fairness required that Long be permitted to explore that bias in his case-in-chief.

Prejudice to the Commonwealth is not a proper ground for the rejection of evidence. The Commonwealth must always overcome any defenses raised and must establish the defendant's guilt to the highest degree of proof known to the law. The mere fact that proffered information is prejudicial to the Commonwealth is not a legally cognizable reason for rejecting that information as evidence.

For this reason, we reverse the decision of the trial court and remand it for a new trial.

*Reversed and remanded.*

Barrow, J., and Fitzpatrick, J., concurred.